John DURKAY, as Bankruptcy Trustee

v.

HEAD OIL PRODUCTION CO., Allied Bank of Texas, and William A. Tillman.

Civ. A. No. B–87–0155–CA.

United States District Court, E.D. Texas, Beaumont Division.

March 26, 1990.

David B. Gaultney, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for plaintiff.

Robert C. Floyd, Warren Taylor, Floyd, Taylor & Riley, Houston, Tex., for defendants.

## AMENDED MEMORANDUM AND ORDER

COBB, District Judge.

In the beleaguered course of the exhaustive and exhausting legal war fought in many forums between and among Whitehead, Madco, Head Tillman, Allied, and Durkay, Trustee, a brief chronological listing of lawsuits, receiverships, bankruptcy filings, foreclosures (both valid and invalid), adversary hearings, interventions, settlements, claims, counterclaims, dismissals, judgments, motions to set aside judgments, subsequent final judgments, removals, and remands, will help this court, and those parties at interest in this Texas League *Jarndyce v. Jarndyce.*

## CHRONOLOGY

*1983:*

*January 1983: Adams, et al v. Whitehead, et al,* No. 12,153 was filed (Dist.Ct. Jasper County, Texas) (*Adams v. Whitehead*), in which Adams, et al, claimed defendants Whitehead, et al, were stealing oil from the plaintiffs' leases in Jasper County, Texas.

*April 8, 1983:* The court in *Adams v. Whitehead* ordered a receivership for the oil leases in question.

*June 29, 1983:* Marvin Whitehead signed a promissory note for value received from Madco, Inc. (Madco), in the amount of $842,314.65.

*September 7, 1983:* Whitehead secured the note given to Madco by executing a Deed of Trust on the fourteen leases in question in Jasper County, Texas.

*1984:*

*February 2, 1984:* Madco filed Chapter 11 bankruptcy in the Southern District of Texas, *In Re Madco,* No. 84–00715–H1–5, and the automatic stay went into effect.[1]

*March 12, 1984:* In *Adams v. Whitehead,* the trustee of the Deed of Trust foreclosed on the fourteen leases in a private foreclosure sale, which was not on the first Tuesday of the month, and then sold the fourteen leases to Madco for $500,000. Durkay now contends that at the time of the foreclosure Whitehead's note was not in default; plaintiff Durkay has now in this action presented testimony from Dennis McClure, a principal in Madco, in which McClure stated Marvin Whitehead was making note payments at the time Allied requested ·the foreclosure, and Madco would not have foreclosed but for Allied's request.

*April 3, 1984:* Defendants Allied and Head Oil contend the Deed of Trust was validly foreclosed, with proper notice and upon the first Tuesday of April, 1988.

*September 4, 1984:* The Jasper County District Court in *Adams v. Whitehead* rendered judgment for the plaintiffs for approximately $1,300,000.

*October 3, 1984:* The Jasper County District Court in *Adams v. Whitehead* vacated the judgment rendered on September 4, 1984; and Allied and Madco intervened in *Adams v. Whitehead* in that suit.

*October 30, 1984, Marvin Whitehead, et al v. Madco, Inc.,* Cause No. 7934. Whitehead sued Madco in the District Court of Aransas County, Texas, alleging he was the owner of various property in Aransas County, and had indeed executed a note to Madco for $842,314, and a Deed of Trust to secure that debt. The Deed of Trust included all of Whitehead's Aransas County

---

1. Sometime prior to *Madco's* bankruptcy filing, Madco assigned the Whitehead promissory note and the Deed of Trust to Allied Bank, or gave some security interest thereto.

property, and a second Deed of Trust secured four of the fourteen oil and gas leases in Jasper County. Whitehead alleged both Deeds of Trust and the note should be released because the debt had been paid and fully satisfied by reason of the March 12, 1984, foreclosure. Whitehead's position is inconsistent from his position in the Jasper case, in the *Madco* bankruptcy proceedings in Houston, and in this court.

*November 13, 1984:* Suit No. 7934 in the District Court of Aransas County, Texas, *Whitehead v. Madco,* was removed to the United States District Court, Southern District of Texas, Houston Division, because *Madco* was in bankruptcy.

*November 26, 1984:* The Jasper County District Court in *Adams v. Whitehead* rendered a second judgment, which impressed a judicial lien on *all fourteen oil and gas leases. Madco* and *Allied* had intervened in *Adams v. Whitehead* in Jasper County, claiming a property interest in four of the fourteen oil and gas leases. *Madco* claimed an interest in the oil and gas leases pursuant to its March 12/April 3, 1984, foreclosure of the Deed of Trust issued to secure the note Whitehead gave to Madco. *Allied* claimed an interest pursuant to Madco's assigning Allied a security interest in the Deed of Trust and Whitehead's $842,314 note.

*1985:*

*June 19, 1985:* The Madco Bankruptcy Court in the Southern District of Texas approved a compromise agreement between Allied, Madco, and Adams–Henderson group. The agreement is complicated, but essentially, Madco bought the Adams–Henderson judgment of November 26, 1984. It may well be Madco bought the judgment in order to foreclose the judicial lien, and thus extinguish any of Whitehead's interest in all fourteen oil and gas leases. Whitehead was not a party to the agreement approved on June 19, 1985.

*July 12, 1985:* The four leases put into receivership by the Jasper County District Court in *Adams v. Whitehead* were released from receivership.

*August 23, 1985:* Whitehead moved to vacate the June 19, 1985, order approving Adams–Henderson/Madco–Allied agreement to sell Adams–Henderson judgment.

*September 19, 1985:* The leases which had been in receivership were sold pursuant to the judgment in *Adams v. Whitehead.* Plaintiff Durkay now contends Madco bought them for $500. However, the defendants Head and Tillman contend the arrangements were such that in effect Madco paid $500,500 for the leases.

*September 30, 1985:* A hearing was held on Whitehead's motion to vacate the Madco bankruptcy June 19, 1985 order, which was denied. The Southern District of Texas Bankruptcy Court ruled that assignment of Madco interest in oil and gas leases required prior court consent. The June 19, 1985, order gave no authority to transfer Madco's interest in the oil and gas leases. Therefore, no adjudication of Whitehead's interest in oil and gas leases is necessary.

*1986:*

*February 3, 1986:* Marvin Whitehead and Whitehead Production filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division, No. B–86–0148, *In Re Whitehead.* On November 4, 1986, that court appointed John Durkay as Trustee of the Bankrupt Estate of Marvin Whitehead and Whitehead Production.[2] The petition listed all of the fourteen leases as part of the bankrupt estate, and an automatic stay went into effect.

*February 27, 1986:* Madco moved to transfer some of its interest in the fourteen oil and gas leases to Head Oil, in No. 84–00715–H1–5, *In Re Madco,* in the Southern District of Texas. Whitehead was given notice of this action.

*April 12, 1986:* An order was signed by the Bankruptcy Court of the Southern Dis-

**2.** It must be noted that Whitehead had a different attorney when he filed the Aransas County suit alleging the March 12, 1984 foreclosure was, in effect, valid, and discharged the $842,-

314 debt and Deed of Trust. However, it was a petition sworn to by Whitehead and placed in issue many of the issues presented here.

trict of Texas authorizing the transfer from Madco (all of Madco's interest in all fourteen oil and gas leases in dispute) to Head Oil.

*July 1, 1986:* An agreed order was entered into the record of the *Madco* bankruptcy. The order lifted the Madco automatic bankruptcy stay which had gone into effect February 2, 1984, and Allied was permitted to foreclose on some of Madco's interests in the oil and gas leases in question.

*October 7, 1986:* Allied bank actually foreclosed on some of Madco's interest in the fourteen oil and gas leases.

*1987:*

*January 29, 1987:* Judge Houston Abel entered order modifying the automatic stay in No. B–86–0148, *In Re Whitehead.*

*February 3, 1987:* Durkay filed a motion for rehearing of the January 29, 1987, order was filed in B–86–0148–BR, *In Re Whitehead,* in Eastern District of Texas, by Durkay, Trustee.

*February 10, 1987:* Prior to a ruling on that motion for rehearing, this action was filed in the United States District Court, Eastern District of Texas, No. B–87–0155–CA, *John Durkay, as Bankruptcy Trustee, v. Head Oil Production Co., Allied Bank of Texas and William A. Tillman,* and appealed the January 29, 1987, order of Judge Abel in B–86–0148–BR. Plaintiff John Durkay, Trustee, is a partner in a law firm in Beaumont. The plaintiff employed his own law firm to pursue the Whitehead, et al, claim based upon a fee contract which provides for payment at the rate of $100 per hour for "all participants from the firm regardless of whether they are members, associates, or assistants," for out-of-pocket expenses and an additional 25 percent of all assets which are collected by the firm and made available to the estate for distribution as a result of its efforts, whether by avoidance of liens, restoration of preferential transfers or collection of claims.

Apparently, this is a widely accepted practice in bankruptcy, although this court had not previously been aware of the procedure.[3]

*May 12, 1987:* Hearing was held before Judge Abel in B–86–0148, *In Re Whitehead,* on Durkay's motion for rehearing, and it was granted. Head Oil's motion to vacate automatic stay was denied.

*May 14, 1987:* Order by Judge Abel in B–86–0148, *In Re Whitehead,* denying Head Oil's motion to lift automatic stay, and granting Trustee's motion to vacate order of January 29, 1987, upon Trustee's representation that all matters between all parties would be litigated in case now pending in this court.

*December 11, 1987:* After Whitehead, et al, intervened in 84–00715–H1–5, *Madco, Inc.,* in Houston, and after the suit was filed, Allied's motion to join Madco Oil as additional defendant in B–87–0155–CA, Eastern District of Texas, was denied.

*1988:*

*January 29, 1988:* Allied's third party complaint against Madco Oil filed in B–87–0155, but no service issued.

CURRENT PROCEEDINGS IN 87–0155

This bankruptcy appeal is before the court on cross-motions for summary judgment, motions to stay and lift "and/or" (sic) set aside the stay order, and order for

---

**3.** In an unpublished opinion issued November 18, 1988, by the United States Bankruptcy Court, Vermont, *In Re: Air Vermont, Debtor,* Case No. 84–19, Judge Conrad stated, at page 4:

The difficult task of separating trustee's duties and attorney's duties is further complicated by the common bankruptcy practice of the trustee retaining himself or herself as attorney, pro se. While we personally believe this is not the best practice because of the proverb "he who is always his own counsel has a fool for his client," The Port Folio, Philadelphia, Aug. 1809, we will not lay down a judicial principle in this District that the practice should be discontinued. Rather, we require, and have requested, that the demarcation between the trustee services and attorneys services be clear and distinct in the trustee's and attorney's applications, and that these applications satisfy the requirements set forth *In Re STN Enterprises, Inc.,* 70 BR 823 (Bankruptcy, D.Vt.1987), and VLBR 2016. Moreover, in the situation of a trustee who represents himself or herself, the nature of the problem which implicates legal services must be apparent from the application.

abstention (voluntary and involuntary). The motion for continuing the stay is GRANTED, the motion to set aside "and/or" (sic) lift the stay is DENIED, the motion for voluntary abstention is GRANTED, the motion to set aside the previous order granting voluntary abstention is DENIED. If it is necessary to decide the motion for involuntary abstention, it is GRANTED, and the motion to lift the involuntary stay is also DENIED. Perhaps an explanation is appropriate.

Marvin Whitehead of Buna, a small town deep in the Piney woods of East Texas, worked hard and long to acquire a substantial number of connected entities collectively known as Whitehead Enterprises. Some of these were Whitehead Oil Company, Whitehead Production Company, Whitehead Distribution Co., etc., etc. Properly ensconced upon this pyramid was Marvin Whitehead, Individually. As OPEC's fortunes rose, Marvin's rose higher. When OPEC cut prices, Marvin's real world collapsed.

During Marvin Whitehead's rise and fall, one hundred and forty miles to the southwest, Houston grew taller and shinier, with gleaming towers of glass, steel, and pink marble. There resided an equally hard working, ambitious group of aspiring young men. They, and their confederates, built Allied Bank, Madco, Head Production and other entities. OPEC played no favorites. It raised prices and hopes, then dashed them on to the bitter shoals of Bankruptcy.

In the decade of 1973–1983, it was probably inevitable that the man from Buna would meet the men from Houston. Their paths crossed in Jasper County, Texas, and again in Aransas County, Texas. In their search for treasure and power, all of them lost. They have been fighting ever since. None are strangers to the courthouse; local, state, federal, or this court.

After the hearings on various motions for summary judgment filed by the parties in this cause, the court entered a stay order *sua sponte*. Durkay, Trustee, has sought a clarification, and alternatively, a lifting of the stay order. The stay order entered by this court was to await the outcome of another case pending before Judge John V. Singleton in the United States District Court for the Southern District of Teas, Houston Division, *Whitehead v. Madco*, Case No. 84–1174–H5, which directly affects this case.

Thus, in Madco Oil Company Bankruptcy proceedings, Case No. 84–00715–H1–5, Whitehead instituted an adversary proceeding, Adver. No. MBH–88–33 had originally filed in state court in Aransas County, Case No. 7934–C. The Madco bankruptcy proceedings were dismissed on December 14, 1987, and the adversary proceedings were then given a new number in the District Court for the Southern District of Texas, *Whitehead v. Madco*, 84–1174–H5. In February 1988, Judge Margaret A. Mahoney filed a report and recommendation to the United States District Court for the Southern District of Texas recommending abstention and remand of the *Whitehead v. Madco* case to state court, where the issues in that particular case could be better resolved. Judge Singleton followed Judge Mahoney's recommendation to abstain and remanded the case to state court in Aransas County, Texas, and issued an order of abstention on February 22, 1989.

 The outcome of the *Whitehead v. Madco* case in Aransas County, Texas, directly affects this cause pending in this court, and No. B–86–148–BR, *In Re: Whitehead*, the bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Texas filed February 3, 1986.

Thus, the parties have sought various relief in the following forums:

1. Cause No. 12,153, *Henderson and Adams v. Whitehead*, in the District Court of Jasper County, Texas.

2. Cause No. 7934, *Marvin Whitehead, et al. v. Madco., Inc.*, in the District Court of Aransas County, Texas.

3. By removal, Cause No. 84–715–H5–11, *In Re Madco*, in the U.S. Bankruptcy Court for the Southern District of Texas.

4. Cause No. 84–1174–H5, *Whitehead v. Madco,* formerly MBH–88–33, in the U.S. District Court for the Southern District of Texas.

5. Cause No. B–86–148–BR, *In Re Whitehead,* in the U.S. Bankruptcy Court for the Eastern District of Texas.

6. Appeal from order of Judge Abel, Cause No. B–87–0155, *John Durkay, as Bankruptcy Trustee, v. Head Oil Production Co., et al,* in the U.S. District Court for the Eastern District of Texas, Beaumont Division.

As Judge Mahoney stated, with admirable restraint, in her opinion recommending abstention and remand:

At least a hint of forum shopping is indicated through the procedural aspects of this dispute.

This court finds that the interests of justice will be best served by following the guidance of Judge Mahoney and continuing the stay.

If further clarification or ruling is sought by the parties for the extension of the stay order, the court alternatively permissively abstains from this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) until the District Court for the Southern District enters judgment in the cause pending between the same parties, Cause No. 84–1174–H5, MBH 88–13, or further action is taken in that case by other courts, particularly the 343rd District Court of Texas in Aransas County, Texas, where it now pends.

It is, therefore, ORDERED, ADJUDGED and DECREED that plaintiff's motion to lift the stay is DENIED, and the stay order filed July 8, 1988, in the above case will remain in effect until the *Whitehead v. Madco* Case No. 7434–C, in the District Court of Aransas County, Texas, is finally resolved.